115 N.J. Super. 317 (1971)
279 A.2d 855
MOTOROLA COMMUNICATIONS AND ELECTRONICS, INC., A CORPORATION OF THE STATE OF ILLINOIS, APPELLANT,
v.
JAMES A. O'CONNOR, DIRECTOR, DIVISION OF PURCHASE AND PROPERTY, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1971.
Decided June 21, 1971.
*318 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Walter J. Bilder argued the cause for appellant.
Mr. Arthur S. Duffy, Jr., Deputy Attorney General, argued the cause for respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Alfred L. Nardelli, Deputy Attorney General, on the brief; Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
Motorola Communications and Electronics Inc., a corporation of the State of Illinois (Motorola), appeals from the action of the Director of the Division of Purchase and Property of the State of New Jersey awarding a contract for the furnishing of a radio communications system for the Division of State Police, including 800 mobile two-way radio communications units to equip the Division's entire fleet of vehicles.
Bids were invited on the aforesaid system subject to detailed specifications which required the submission of a bid sample of the mobile unit offered. The specifications also provided that each mobile unit offered "shall be an approved equal or superior to" one of four models; namely, the General Electric Master Progress Line Royal Professional, Motorola Motran, Motorola Micor and RCA Series 1000. Each of the specified models is classed as the top of its respective manufacturer's line.
The specifications further provided that bids would be evaluated on the following criteria: (1) bid price, (2) delivery *319 schedule, (3) performance characteristics, (4) service and performance industry record, (5) parts and replacement service, (6) responsiveness to technical and general specifications, and (7) warranty.
Pursuant to the foregoing, Motorola submitted its bid and a sample mobile unit in August 1970. Bids were also submitted by General Electric and RCA. Upon the opening of the bids on September 1 it was ascertained that Motorola had submitted the low bid for each mobile unit as well as the low bid for the entire system.
On September 18, 1970 Paul Godley Co., a firm of communications engineers retained as communications consultant for the State Police, submitted to the Division a preliminary evaluation report following examination of the equipment samples. A final report was submitted on September 24, 1970. In the latter report each mobile unit sample was evaluated as to advantages and disadvantages. The Motorola sample was listed as having two advantages and ten disadvantages. The first disadvantage listed was "Not equal or superior to specified units." Most of the other items identified the "major points" in which the sample unit was not equal or superior.
On October 8, 1970 the Director advised Motorola by letter that its sample unit had been evaluated and ten deficiencies, which were listed, found. The letter further stated that a hearing would be held on October 19, 1970 to discuss these deficiencies. Motorola replied that its management, legal and technical personnel would be at the hearing and inquired as to the reasons for certain listed deficiencies, as well as who would be in attendance at the hearing. By letter dated October 14, 1970 Motorola was notified that the deficiencies represented the evaluation of the State's consulting engineer who would be present at the October 19, 1970 hearing, together with appropriate staff members, to answer all questions. The hearing was held as scheduled and was attended by representatives of all interested parties. A tape recording of the hearing was made but proved to be not *320 transcribable. Unfortunately, on this appeal, no effort was made to reconstruct the record of what transpired at the hearing except for a largely unsuccessful attempt by Motorola to make the tape readable. It is to be noted, however, that the short transcript of the audible portion of the tape plainly indicates that a major item of discussion was the Godley evaluation that the Motorola sample unit was not equal or superior to its Motran or Micor. Moreover, as a result of arguments presented by Motorola representatives at the October 19 hearing, Godley updated its evaluation of the Motorola sample unit and dropped two of the listed deficiencies. Other representations made by Motorola at the hearing were "not considered to be sufficient to eliminate listed deficiencies and disadvantages." The updated report, dated October 23, 1970, stated that the Motorola sample unit was a beefed up Motorola Mocom 70, "and such was admitted by Motorola representatives at the October 19th hearing." It added that the Mocom 70 is a medium to low end of the line unit originally built as equipment for the taxicab and business radio service. The evaluation concluded by finding specified operational, service and relative disadvantages in the unit bid by Motorola.
In addition to the Paul Godley Co. evaluation, the Director had before him a memorandum dated October 1, 1970 from the Superintendent of the State Police regarding the relative merits of the mobile unit samples, and a memorandum dated October 27, 1970 regarding the State Police radio communications system from C.H. Hibbs, Purchase Bureau Supervisor.
On November 12, 1970 the Director awarded the contract to General Electric Company, whose unit bid was $275 higher and whose system bid was $250,000 higher than Motorola's. On December 1, 1970 Motorola filed its notice of appeal to this court.
Motorola argues that the rejection of its bid was arbitrary and a gross abuse of discretion. It is contended that the alleged deficiencies attributed to its sample unit were mere *321 allegations or assertions unsupported by credible evidence. In effect, Motorola asserts that it was entitled to an adversary type of hearing at which evidence of the alleged deficiencies would have to be presented and appropriate findings of fact thereon made by the Director. Absent this, Motorola says that its low bid may not be rejected and the higher General Electric bid accepted.
We do not agree. The award of bids by the state Director of Purchase is controlled by statute. N.J.S.A. 52:34-12(d), which governs such awards, makes it clear that the Director is to consider not only price, but also the conformity of respective bids to the invitation, in deciding which bid will be most advantageous to the State. In awarding a contract, the Director necessarily exercises business-like judgment. Thus, the selection of a bid involves the making of an executive or managerial decision rather than the performance of an administrative function which is subject to the Administrative Procedure Act. It has been held that the Director is not required to hold a judicial or trial-type of hearing before rejecting a low bid and that good practice and principles of fairness are satisfied if an informal hearing or conference is granted. Commercial Clean. Corp. v. Sullivan, 47 N.J. 539 (1966). Of course, the bidder should have notice of the basis of the proposed rejection and an opportunity to be heard thereon.
Motorola was afforded such a hearing. As far as the record discloses, the Director's decision to select the General Electric equipment was based on his impartial consideration of expert evaluations of, and reports on, the three types of samples submitted. It is to be noted that the final evaluation by Godley weighed the representations made by Motorola at the October 19 hearing but concluded that they were not sufficient to eliminate listed deficiencies. In this highly sophisticated and complex field of two-way radio communications systems, the Director must necessarily rely on such expert evaluations and reports.
*322 His decision has not been shown to be arbitrary or an abuse of discretion. Commercial Clean. Corp. v. Sullivan, supra.
Affirmed.